**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CESAR A AGUILAR CORTEZ,**<br>**Petitioner,**<br>**v.**<br>**WARDEN DELANEY HALL DETENTION FACILITY, *et al.*,**<br>**Respondents.** | **Case No. 26–cv–13298–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Cesar A Aguilar Cortez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.)

1. Petitioner is a citizen of El Salvador. (ECF No. 1 ¶ 1.) Border Patrol encountered petitioner on November 21, 2009. (ECF No. 4–1 p. 3.) He was released as a voluntary return. (*Id.*)

2. Border Patrol encountered petitioner again on April 20, 2014. (*Id.*) He was removed on June 13, 2014. (*Id.*)

3. Petitioner was detained by Immigration and Customs Enforcement (ICE) on October 12, 2026 in Plainfield, New Jersey. (*Id.*) The removal order was reinstated that same day. (ECF No. 4–3 p. 2.)

4. This Petition followed. (ECF No. 1.)

5. Respondents filed a letter on October 19, 2026 arguing that petitioner is properly detained pursuant to 8 U.S.C. § 1231(a)(5) because he is subject to a reinstated order of removal and is within the 90-day mandatory detention period. (ECF No. 4 p. 2.)

6. Petitioner was removed pursuant to a valid order of removal in 2014. (ECF No. 4–2 p. 2.) Petitioner reentered the country, and his prior order of removal was reinstated on October 12, 2026. (ECF No. 4–3 p. 2.) Pursuant to 8 U.S.C. § 1231(a)(5), if "the Attorney General finds that [a noncitizen]has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or

reviewed, the [noncitizen] is not eligible and may not apply for any relief under [immigration laws], and the [noncitizen] shall be removed under the prior order at any time after the reentry."

7. Section 1231 states in relevant part that after a noncitizen "is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. §1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

8. "The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order. (iii) If the [noncitizen]is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement." 8 U.S.C. §1231(a)(1)(B).

9. "In the context of reinstated removal orders, the 90-day removal period begins to run on the date when petitioner's prior removal order is reinstated." *Teodore De La T.M., v. Warden of the Golden State Annex, et al.*, No. 1:26–cv–03789, 2026 WL 2210030, at *2 (E.D. Cal. July 31, 2026) (cleaned up); *see also Inestroza-Tosta v. Att'y Gen.*, 105 F.4th 499, 513 (3d Cir. 2024) (noting the removal order "was 'administratively final' at reinstatement"), *abrogated in part on other grounds by Riley v. Bondi*, 606 U.S. 259, 267–73 (2025); *Rene Orlando De La Rosa Izaguirre, v. Blanche*, No. 26–cv–02911, 2026 WL 2023200, at *12 (E.D.N.Y. July 13, 2026) ("The removal period began only when the removal order was reinstated.")

10. Petitioner was detained by ICE on October 12, 2026, putting him well within the 90-day removal period. His detention is currently mandatory.[1]

[1] I note that my decision is limited to the facts alleged in the Petition. I express no opinion as to whether petitioner may be able to make out a prolonged detention claim or other challenge to his detention in the future, but nothing in this Opinion and Order shall be construed to prevent him from making the argument.

Accordingly,

**IT IS** on this **12th** day of **November 2026** **ORDERED** that:

1. Petitioner's § 2241 Petition is **DENIED WITHOUT PREJUDICE**.

2. Any restrictions imposed by this Court on petitioner's location are **LIFTED**.

3. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**